JACKSON GRIMSHAW

*v.*

MELGAR C. PAUL.

1. ADMISSIONS—*of deputy revenue collector not admissible to bind his principal.* In a suit by a deputy United States collector against the principal collector, for compensation for services in collecting and remitting taxes on distilled spirits, in which the defendant testified that the deputy was to receive no pay, but was acting for the accommodation of his son, who was storekeeper under the revenue laws, and denied any promise to pay, it was *held*, that a letter written by a regular deputy of the defendant, who performed duty at the chief office, to the plaintiff, acknowledging the receipt of the taxes, and promising to send him a draft in a few days for his pay, in the absence of proof that his principal directed or even knew of the writing of the same, was not admissible as evidence against the defendant, such promise not being part of the *res gestæ*, it having no relation to the subject of his acts.

2. SAME—*of real parties in interest.* The admissions of persons not parties to the record, but who are the real parties in interest, are admissible in evidence in favor of the adverse party, such as the admissions of the *cestui que trust* of a bond, those of the persons interested in a policy of insurance in another's name for their benefit, those of the ship owners in an action by the master for freight, those of the indemnifying creditor in an action against the sheriff, and those of the deputy sheriff in an action against the high sheriff for the misconduct of the deputy.

APPEAL from the Circuit Court of Henderson county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, by Melgar C. Paul against Jackson Grimshaw, to recover for services as the defendant's deputy in collecting and forwarding certain taxes. The plaintiff in the court below recovered judgment for $112.50, from which the defendant appealed. The principal and material facts appear in the opinion.

Mr. JACKSON GRIMSHAW, *pro se.*

Messrs. MANIER, PETERSON & MILLER, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

Appellant, being United States Revenue Collector for the fourth district of Illinois, November 9, 1868, made an appointment, in writing, of appellee as deputy collector, for such duties as might be assigned, but especially as collector of the tax on distilled spirits at Sagetown, Illinois—such appointment being subject to revocation. Appellee was not required by appellant, and gave no bond as such deputy. Appellee, acting under such appointment, collected for taxes on distilled spirits at Sagetown the sum of $90,000, for which return was made to appellant.

This suit was brought by appellee to recover compensation for his services in making said collection. Appellant's theory of the case was, that the appointment was made merely as a

matter of accommodation to appellee's son, who was store-keeper under the United States revenue law, at Sagetown, and without any expectation of paying compensation for appellee's services by appellant, out of his own pocket. Appellee gave testimony tending to show an express promise to pay appellee what his services were reasonably worth. The fact of making such promise was disputed by appellant. It appeared that a man of the name of Sellon was a regular deputy of appellant, who had given the required bond, and who performed duty at the chief office of appellant. When appellee made return to the chief office, of taxes collected, Sellon, May 14, 1869, addressed a letter to appellee in respect to certain deficiencies or mistakes, and by way of postscript said: "I will send you draft in a few days, for your pay as dept. coll."

There being no evidence that appellant directed or even knew of the writing of this letter, it was offered in evidence by appellee for the purpose of showing recognition of his right to compensation. It was objected to by appellant's counsel as incompetent evidence against appellant, but the court admitted it in evidence—to which appellant excepted.

The question here presented, and as regards the class of officers concerned, seems, so far as our researches extend, to be new ; and we have been favored with no discussion of it, or reference to authorities, by counsel for either side.

The admission by the deputy made in this way, in respect to appellee's right to compensation, can, in no point of view, be regarded as part of the *res gestœ,* for the acts then being done had no relation to that subject. The only other rule we are aware of under which the admission could be claimed as competent, is that which recognizes as competent the admissions of persons who are not parties to the record but yet are interested in the subject matter of the suit. In regard to this source of evidence, the law, it is said, looks chiefly to the real parties in interest, and gives to their admissions the

same weight as though they were parties to the record. Under this rule fall the admissions of the *cestui que trust* of a bond; those of the persons interested in a policy effected in another's name, for their benefit; those of the ship owners in an action by the master for freight; those of the indemnifying creditor in an action against the sheriff; those of the deputy sheriff in an action against the high sheriff for the misconduct of the deputy, are all receivable against the party making them. . 1 Greenlf. Ev. sec. 180.

But the admissions of an under sheriff are not receivable in evidence against the sheriff, unless they tend to charge himself, he being the real party in the cause. He is not regarded as the general officer of the sheriff to all intents. *Snowball* v. *Goodricke*, 4 B. and Ad. 541.

Sellon, whose admission was received in evidence against appellant, the collector, was in no respect interested in the subject matter of the suit, and not, therefore, bound by the record. His admission was, for that reason, not receivable under the above mentioned rule, and we are aware of none other which would justify it.

As the case stood, this evidence was prejudicial to the appellant, and, being inadmissible, it was error to receive it, for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*